# STATE OF VERMONT

# ENVIRONMENTAL COURT

Town of Randolph,
Plaintiff,                    }
                              }
                              }    Docket No. 32-2-04
v.                            }    Vtec
                              }
                              }
Douglas Finkle and Flora }
Quillia, Defendants.

### Decision and Order on Motion for Summary Judgment

The Town of Randolph filed an enforcement complaint against Douglas Finkle and Flora Quillia for asserted violations of the Town of Randolph Zoning Regulations relating to the operation of a junkyard, as that term is defined in the Zoning Regulations, without a zoning permit and certificate of occupancy. The Town of Randolph is represented by Peter M. Nowlan, Esq.; Defendants Douglas Finkle and his mother Flora Quillia represent themselves. The Town has moved for summary judgment in favor of the Town, based on the fact that Defendants did not appeal a Notice of Violation to the Development Review Board (DRB). The following facts are undisputed unless otherwise noted.

This enforcement action relates to property at 10 Dudley Street in the Town of Randolph, conveyed to Defendants in a deed dated August 23, 2001 and recorded in the land records at Book 136, page 410. In her answer, Ms. Quillia stated that she only A cosigned the mortgage@ for her son and that she does not reside at the 10 Dudley Street address. In addition, the complaint misstated her name as A Quillia Flora@ rather than the correct A Flora Quillia;@ it has since been amended to correct that error.

In April of 2002 the Zoning Administrator of the Town of Randolph sent a brief letter to Mr. Finkle and to A Quillia Flora@ at the 10 Dudley Street address, advising that there may be a violation on the property due to the lack of a permit for the accumulation of A numerous junk vehicles and other junk@ on the property. In the letter, the Zoning Administrator asked Defendants to contact her so that they could talk about the situation and try to resolve the matter. This letter was not an official notice of violation under 24 V.S.A. ' 4444 and no further enforcement action was taken that year.

The following year the Zoning Administrator issued Defendants an official written Notice of Violation on August 19, 2003, telling them that they were in violation of the zoning regulations by accumulating junk and junk motor vehicles on their property without a zoning permit. This Notice of Violation was also sent to the 10 Dudley Street address and continued to misstate Ms. Quillia= s name. This Notice of Violation required Defendants by September 30, 2003 to either cure the violation by removing the A junk and junk motor vehicles@ or to cure the violation by applying for a variance and a zoning permit and receiving the permit. The Notice of Violation warned that penalties could be assessed as of or after October 1, 2003 if the violation was not cured.

The Notice of Violation stated that Defendants or another interested party could appeal the Notice of Violation within 15 days to the Development Review Board (DRB), and stated the procedure for filing such an appeal. The Notice of Violation also warned Defendants that A failure to appeal this decision may prevent you or any party from arguing against its elements in a future hearing or appeal,@ citing 24 V.S.A. ' 4472. Defendants did not file an appeal of the Notice of Violation with the DRB, and therefore the Notice of Violation became final.

Because they did not appeal the Notice of Violation, Defendants cannot now challenge, directly or indirectly, the fact of whether there was a violation on their property as of the date of the August 19, 2003 Notice of Violation. The Town= s Motion for Summary Judgment is GRANTED in part, on that issue alone.

However, this ruling does not resolve whether Defendants cured the violation on or after August 19, 2003 by removing the A junk and junk motor vehicles,@ as those terms are defined in the regulations. In his response to the summary judgment motion Mr. Finkle asserts that the vehicles in the photographs are registered; that the tools are used in his business; that the refrigerator, stove and bulkhead were being used in or had just been replaced as improvements to the home; that the plow and mower are used seasonally for maintenance of the property; and that the trampoline and other children= s toys and bicycles are used outdoors in the summer by family members. Material facts are therefore in dispute as to whether the violation has been cured; whether and to what extent any court orders are necessary for further enforcement; and whether and to what extent any penalties are appropriate for any violations as of or after October 1, 2003.

Therefore, the Town= s Motion for Summary Judgment is DENIED as to all issues to do with the requested remedies.

We will hold a telephone conference on May 13, 2004, to discuss setting a date for the trial on the issues remaining in this case (see enclosed notice). At the trial, the parties should be prepared to present all their evidence on the objects, materials and vehicles located outdoors on the property as of and after October 1, 2003, and to present their arguments as to what if any relief should be ordered in this case, including whether or how much of a penalty or fine is appropriate in this case. We remind Defendants that they must send a copy to Attorney Nowlan of anything in writing that they file with the Court. His mailing address is P.O. Box 465; Randolph, Vermont, 05060. Because it was not clear to the Court whether their April 14, 2004 filings were sent to Mr. Nowlan, we are including copies for him with this order.

Done at Barre, Vermont, this 23nd day of April, 2004.


_____
Merideth Wright
Environmental Judge